ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

RICHARD H. GILMORE, On Behalf )
Of Himself and All Others )
Similarly Situated, )
)                    *Civil Action No.*
   Plaintiff,       )
)                    **1 03 CV 3223**
vs.                 )
)                           **TWT**
CITIGROUP, INC., SMITH BARNEY,)
INC., SALOMON SMITH BARNEY, ) CLASS ACTION
INC., SALOMON BROTHERS, INC., ) COMPLAINT AND JURY DEMAND
CITIFINANCIAL, INC., TRAVELERS)
GROUP, INC., ABC CORPS, 1-100,)
JOHN DOES 1-100, inclusive,   )
)
   Defendants.      )

RICHARD H. GILMORE, on behalf of himself and all others similarly situated, alleges as follows:

GENERAL ALLEGATIONS

1.   Plaintiff, Richard H. Gilmore (hereinafter, "Plaintiff"), is a Georgia resident and stockbroker who was formerly employed by Defendant Salomon Smith Barney, Inc. (hereinafter, the "Company" or "Smith Barney") until October 25, 2002.  During the time that Plaintiff was employed by Smith Barney, he was enrolled in Smith Barney's Capital Accumulation

1

Plan (hereinafter, the "Plan" or "CAP"). Under this Plan, a portion of Plaintiff's earned commissions were deducted wages from his paychecks. Plaintiff voluntarily terminated his employment with Smith Barney and thereupon suffered a forfeiture of that portion of his earned, but unpaid wages that Smith Barney deducted from his paychecks to fund CAP shares pursuant to the Plan.

2.  Although eligibility to participate in the CAP Plan varies among the various defendants named herein, there is only one CAP Plan. All participants are issued the same CAP stock, currently Citigroup, Inc. common stock.

3.  Participants in CAP enroll in two ways. Management personnel enroll on a mandatory basis, with deductions paid from their annual bonuses in the form of CAP stock. Voluntary participants receive CAP stock after defendants withhold payroll deductions to purchase CAP stock. Both mandatory and voluntary participants' CAP stock and earned income are subject to forfeiture during the designated Restricted Period.

## PARTIES

4.  Plaintiff is a Georgia resident and stockbroker who was formerly employed by Smith Barney until October 25, 2002. During

the time Plaintiff was employed by Smith Barney, he was enrolled in the Plan. Under the Plan, a portion of Plaintiff's earned commissions were deducted wages from his paychecks. Plaintiff voluntarily terminated his employment with Smith Barney and thereupon suffered a forfeiture of that portion of his earned, but unpaid wages that Smith Barney had deducted from his paychecks to fund CAP shares pursuant to the Plan.

5.  Defendant Citigroup, Inc. ("Citigroup") is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York. At all relevant times Citigroup, by and through its past and present parents, subsidiaries and affiliates, engaged in the business of providing banking, insurance, consumer lending, investment brokerage and other financial services. Citigroup is the current parent corporation of the consolidated group of defendants defined herein.

6.  Defendant Salomon Smith Barney, Inc. (f/k/a Smith Barney, Inc., collectively "Smith Barney") a corporation licensed to do business in Georgia, is an investment, banking, securities trading and brokerage firm.  Smith Barney arose from the combination of Salomon Inc. with Smith Barney Holdings Inc., and

operates branches in Georgia and employs hundreds of financial consultants or brokers in Georgia.

7. Defendant Salomon Brothers, Inc. ("Salomon") is a corporation that has operated as a subsidiary or related corporation to Smith Barney. Salomon's approximately 8,500 employees have participated in the CAP Plan since 1997, and therefore are members of the class represented in this action.

8. Defendant CitiFinancial, Inc. ("CitiFinancial") is a domestic corporation organized under the laws of the State of Maryland, with its principal place of business in Baltimore, Maryland. At all relevant times CitiFinancial, by and through its past and present parents, subsidiaries and affiliates, engaged in the business of providing lending services.

9. Defendant Travelers Group, Inc. ("Travelers") is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers, by and through its past and present parents, subsidiaries and affiliates, engaged in the business of providing insurance and other related financial services.

10. ABC Corps. 1 through 100 are Companies who, on information and belief, withheld the earned income of Plaintiff and

members of the putative class. The true identities of these corporations are presently unknown to Plaintiff, who, therefore, sues these defendants by fictitious names. Plaintiff will seek to amend this Complaint to state the true identities of each fictitiously named Corporate defendants when ascertained.

11. Citigroup, Smith Barney, Salomon, CitiFinancial, Travelers and ABC Corps. 1 through 100 are collectively referred to herein as "Defendants."

12. John Does 1 through 100 are employees of Defendants who, on information and belief, withheld the earned income of Plaintiff and the putative class. These individuals' true identities and capacities are presently unknown to Plaintiff, who, therefore, sues these defendants by fictitious names. Plaintiff will seek to amend this Complaint to state the true identities of each fictitiously named defendant when ascertained.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of all of those persons who are similarly situated ("the Class"). The Class is comprised of all current and former employees of Citigroup, Smith Barney, Salomon, CitiFinancial, Travelers and/or their subsidiaries, who are current and/or former participants in the

Plan (hereinafter, "Plan Participants"), who either will suffer forfeiture or have suffered forfeiture of that portion of their earned, but unpaid compensation that Defendants deducted from their paychecks to pay for the CAP shares pursuant to the Plan, and who currently reside in Georgia and who resided and/or worked for Defendants in Georgia at the time of said forfeiture.

14. This action has been brought and properly may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, because the Class has a well-defined community of interests, the Class members are easily ascertainable and this litigation satisfies Rule 23's other requirements as follows:

   a. Numerosity: The members of the Class are so numerous that joinder of all such persons individually is impracticable such that the disposition of their claims in a class action rather than in individual actions will benefit both the parties and the Court. Plaintiff is informed and believes and based thereon alleges that the Georgia Class consists of hundreds of members and thus joinder of all members of the Class is impractical.

   b. Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff received CAP shares in lieu

6

of his earned, but unpaid compensation pursuant to the Plan's provisions and thereafter suffered forfeiture of that earned, but unpaid compensation. Plaintiff's claims are typical of the claims of the Class because Plaintiff's earned compensation was deducted from his paycheck and set aside by Defendants for the six-month withholding periods and Plaintiff and other Plan Participants never received interest earned on said compensation.

c.  Commonality: Common issues of law and fact will affect all or a substantial number of the Class members since Defendants engaged in standardized conduct common to the Class by and through CAP.

d.  Adequacy: Plaintiff is a proper Class representative who fully and adequately will protect the interests of the Class and has no interests contrary to or in conflict with those of the Class.

15. With respect to the Class, the Plan's forfeiture provisions have resulted and will result in Defendants taking earned income from Plan Participants upon their termination.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over all causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1332, because

the value of Plaintiff's claims exceed $75,000, exclusive of interest and costs, and because Plaintiff is a citizen of a state different than the states in which Defendants are citizens. This Court also has supplemental jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1367.

17. Pursuant to 28 U.S.C. § 1407, identical federal cases have been transferred to, and consolidated for pre-trial purposes in the United States District Court for the District of Massachusetts by the Judicial Panel on Multidistrict Litigation.

18. Venue is proper in this Court pursuant to 18 U.S.C. §§ 1965(a), (b) and 28 U.S.C. § 1391 (b), since all Defendants are engaged in business in Georgia, the Plaintiff resides in Georgia, and all the alleged wrongful and illegal acts took place in Georgia.

## FIRST CAUSE OF ACTION

(BREACH OF EMPLOYMENT CONTRACT)

19. Plaintiff realleges and incorporates herein paragraphs 1 through 18.

20. The Plaintiff is a former employee of Defendants who forfeited substantial assets pursuant to the terms of the Defendants' Capital Accumulation Plans.

21. Defendants entered into employment contracts with Plaintiff, whereby, Defendants would pay earned compensation based upon a fixed annual salary, commissions, and/or other compensation agreements.

22. Defendants, in accordance with its agreements with Plaintiff, provided him with written materials setting forth the terms of the employment agreements with each employee and Plan Participant.

23. In consideration of Defendants' promises to pay all earned income, Plaintiff agreed to work for Defendants, and to use his best efforts to promote Defendants' business and profits. Plaintiff's work, in fact, produced profits for Defendants, and Plaintiff earned compensation based on his productivity. In fact, the "wages" section of Defendants' pay stubs for Plaintiff reflect categories and payments for regular earned income and earnings withheld under CAP.

24. When Defendants hired Plaintiff, Defendants agreed to compensate employees, and to pay employees all such earned income.

25. In consideration of Defendants' oral and written promises to pay earned income, Plaintiff used his best efforts in serving Defendants' interests, business and profits.

26. Defendants' failure to pay Plaintiff and the Class all earned income under the terms of their employment agreement constitutes breach of contract.

27. During the withholding periods, the Company held the Plan Participants' deducted income in interest bearing account(s) belonging to the Company. In 1990, the Company paid to CAP Participants the interest earned on withheld monies during the withholding periods.

28. Since 1990, the Company retained all interest earned on monies deducted from CAP Participants' paychecks and held during withholding periods.

29. The Company's failure to pay Plaintiff and the Class interest earned on withheld income constitutes breach of contract.

SECOND CAUSE OF ACTION

(BREACH OF CAP CONTRACT)

30. Plaintiff realleges and incorporates herein paragraphs 1 through 29.

31. During the course of Plaintiff's employment, Defendants induced employees to enroll in CAP and have a portion of their earnings deducted from monthly paychecks.

32. The CAP documents provide <u>inter alia</u> for a forfeiture of CAP income upon termination or voluntary separation from Defendants employment and are unenforceable, unlawful and void. These documents included CAP agreements, CAP enrollment forms, Restricted stock award agreements, consents to receive restricted stock, and stock powers.

33. Defendants induced Plaintiff to contribute earned income into CAP, knowing that Defendants experienced high turnover of employees such as Plaintiff.

34. Fully aware of and considering this high employee turnover rate, Defendants nevertheless induced Plaintiff to sign a CAP agreement that provided for forfeiture of CAP restricted stock upon voluntary termination or involuntary termination for cause. Thus, Defendants' CAP forfeiture policy and practice inured to the profit and benefit of Defendants.

35. Upon Plaintiff's termination or separation from Defendants, Defendants withheld Plaintiff's earned CAP income, and thus refused and failed to abide by Defendants' agreement

with Plaintiff to pay him all earned income. Defendants failed to pay income to the putative Class members in the same or similar fashion.

36. Defendants' failure to pay CAP income and the CAP withholding and forfeiture provisions constitute an unlawful penalty, which is against public policy and constitutes a breach of contract. As such, all forfeiture provisions of the CAP agreements, therefore, should be declared unlawful and void.

37. By reason of Defendants' breach, Plaintiff and the Class suffered actual and consequential damages resulting from the void and illegal forfeiture provisions of the CAP agreements.

### THIRD CAUSE OF ACTION

(CONVERSION)

38. Plaintiff realleges and incorporates herein paragraphs 1 through 37.

39. The CAP forfeiture provisions constitute unlawful conversion of Plaintiff's assets; although Defendants had no legal right to the earned CAP income or CAP shares owned by Plaintiff, Defendants asserted ownership over Plaintiff's property by requiring forfeiture of his CAP shares.

40. By inducing or requiring Plaintiff and the putative Class to fund the CAP and by withholding this earned income, plus interest, upon termination, Defendants converted the employees' earned compensation.

41. Defendants therefore are liable to Plaintiff and the putative Class members for compensatory and punitive and/or exemplary damages.

## FOURTH CAUSE OF ACTION

(UNJUST ENRICHMENT)

42. Plaintiff realleges and incorporates herein paragraphs 1 through 41.

43. When Plaintiff involuntarily forfeited his earned income, Defendants retained the value of said income.

44. By virtue of the foregoing, Defendants were unjustly enriched and Plaintiff and the putative Class were damaged thereby.

WHEREFORE, Plaintiff, on behalf of himself and all other members of the Class, demands:

1.  Payment of all earned and unpaid wages;

2.  Compensatory and punitive damages;

3.  Costs and attorney's fees;

   4. Pre- and post-judgment interest; and

   5. Such other, further and different relief as the Court may deem proper.

JURY DEMAND

   Plaintiff hereby requests a trial by jury on all issues herein.

   Respectfully submitted this 22nd day of October, 2003 by:

   HOLZER HOLZER & CANNON, LLC


   *[signature]*
   COREY D. HOLZER
   Georgia Bar Number: 364698
   CHRISTI A. CANNON
   Georgia Bar Number: 107869
   MICHAEL I. FISTEL, JR.
   Georgia Bar Number: 262062
   1117 Perimeter Center West
   Suite E-107
   Atlanta, Georgia 30338
   Telephone: (770) 392-0090
   Facsimile: (770) 392-0029

Of Counsel:

NAGEL RICE & MAZIE, LLP
BRUCE H. NAGEL
ANDREW R. BRONSNIC
301 South Livingston Avenue
Livingston, New Jersey 07039
Telephone: (973) 535-3100
Facsimile: (973) 535-3373